**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | **CASE NO. 1;15 CR 453** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Kenneth Jackson,** *et al.*, ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

This matter is before the Court upon Defendant Antoine Palmer's Motion for Judgment of Acquittal (Doc. 137). Also pending is Defendant Kenneth Jackson's Motion for Judgment of Acquittal (Doc. 138). For the reasons that follow, the motions are DENIED.

## ANALYSIS

The parties do not dispute that a Rule 29 motion for acquittal will only be granted if the Court concludes, after viewing the evidence in the light most favorable to the government, that no rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Connery*, 867 F.2d 929, 930 (6th Cir. 1989). "The Supreme Court has observed that the granting of a

1

motion of acquittal will be confined to cases where the prosecution's failure is clear. *Id*. (Citation and quotation omitted).

With this standard in mind, the Court finds that defendants' motions must be denied. As an initial matter, defendant Jackson points only to the testimony of co-defendant Taylor in support of his argument. Taylor participated in numerous interviews with law enforcement wherein he acknowledged that all defendants engaged in various carjackings. Taylor then came before this Court and entered into a plea acknowledging the factual basis therefor. At trial, however, Taylor denied that Jackson committed the carjackings for which he was indicted. Based solely on Taylor's trial testimony, defendant Jackson argues that he is entitled to an acquittal. The Court disagrees. As the government notes, other evidence points to Jackson's guilt. By way of example, the testimony of co-defendant Rembert supports the jury's guilty verdict, as does witness identification testimony and DNA and fingerprint evidence. Far from arguing that a rational juror could not find guilt beyond a reasonable doubt, Jackson simply points to evidence from one individual, whose credibility is less than stellar. As such, Jackson falls far short of establishing entitlement to an acquittal.

Defendant Palmer also argues that there is no evidence that he aided and abetted carjacking. Specifically, Palmer argues that the government failed to establish that he "did something to help or encourage the crime with the intent that the crime be committed." Rembert testified that four individuals, including Palmer, discussed stealing a car for the purpose of disguising themselves so that they could retaliate against the "Fleet boys." After the car was stolen, defendant Palmer began shooting at the Fleet boys through a sunroof. Subsequently, the four of them had another conversation about carjacking yet another vehicle because the Fleet

boys would recognize the first stolen car. All four defendants then traveled to the Termont area near Steelyard Commons to find a vehicle. The driver and the front seat passenger exited the vehicle with guns drawn. After they exited, defendant Palmer instructed Rembert to exit the vehicle and get into the front seat in order to drive the first stolen vehicle. As the government correctly notes, it is reasonable for a juror to determine that this instruction would not be required unless Palmer knew that a carjacking would occur.

Two to three minutes later, the first stolen vehicle drove up alongside a GMC Denali being driven by the original front seat driver and passenger. The two vehicles then drove together back to Ovington whereupon all four individuals began looking through the GMC Denali. One of them found a credit card and the four of them then proceeded to WalMart (and other places) in the GMC Denali. Each of them bought items with the stolen credit card at the WalMart in Bedford. Subsequently, the four disbanded and left the GMC Denali on Ovington. Later, defendant Palmer telephoned Rembert to inform him that the police were nearby looking at both of the stolen vehicles. Viewing this evidence in the light most favorable to the prosecution, the Court finds that a reasonable juror could have concluded that defendant Palmer "did something to help or encourage the crime with the intent that the crime be committed." Accordingly, defendant's argument to the contrary is rejected.

The Court also rejects defendant Palmer's argument that there is insufficient evidence to support his conviction with respect to Count 4, which charged defendant Palmer with aiding and abetting the brandishing of a firearm during and in relation to a crime of violence. Here, the evidence showed that all four men were armed that night and, in fact, Palmer returned to "some girl's" house to obtain more bullets after shooting at a "Fleet boy." Rembert testified that the

3

driver and front seat passenger brandished firearms when exiting the first stolen vehicle. Rembert observed the weapons and Palmer was sitting right next to him. From this evidence, a reasonable juror could find Palmer guilty of Count 4.

**CONCLUSION**

For the foregoing reasons, Defendant Antoine Palmer's Motion for Judgment of Acquittal (Doc. 137) and Defendant Kenneth Jackson's Motion for Judgment of Acquittal (Doc. 138) are DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 7/5/17