IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:15CR453 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH JACKSON ET AL., | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman,

United States Attorney, and Kelly L. Galvin and Robert J. Patton, Assistant U. S. Attorneys, and

hereby submits the following memorandum regarding the resentencing of Kenneth Jackson, Jr.

On December 15, 2015, Jackson was indicted by a Grand Jury on multiple counts of

carjacking under 18 U.S.C. § 2119, and on multiple counts of using and carrying, and

brandishing, a firearm during and in relation to a crime of violence in violation of 18 U.S.C.

§ 924(c).  (R. 11: Indictment, PageID 117).  Trial began April 25, 2017, and the jury returned

guilty verdicts against Jackson for carjacking in Counts 1, 6, and 10, and of using or carrying,

and brandishing, a firearm in Counts 2, 7, and 11.  (R. 124: Minutes, PageID 822).  On August

23, 2017, this Court sentenced Jackson to a total term of 771 months imprisonment.  (R. 170:

Judgment, PageID 1475).  Jackson timely appealed his conviction and sentence, and on March

13, 2019, the Sixth Circuit ordered "Jackson's conviction for violation of § 924(c) under Count 11 is VACATED and we remand for resentencing. The remainder of Jackson's convictions, as well as Palmer's convictions and sentence, are AFFIRMED."   (R. 213: Opinion, PageID 2792; R. 214: Mandate, PageID 2827).

## I.  GUIDELINE CALCULATIONS AND SENTENCING FACTORS

A district court should begin sentencing proceedings with a correct calculation of the applicable Guidelines range, then consider all of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50, 128 S.Ct. 586 (2007). In doing so, the court "may not presume that the Guidelines range is reasonable," but instead must make an "individualized assessment based on the facts presented." *Id*. at 50, 128 S.Ct. 586. The court should "impose a sentence sufficient, but not greater than necessary, to comply with" the purposes of § 3553(a). *Rita v. United States*, 551 U.S. 338, 348, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (quoting 18 U.S.C. § 3553(a)).  If the sentence imposed is outside of the Guidelines range, we may not presume it to be unreasonable; rather, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

### A.  ADVISORY GUIDELINE RANGE AND STATUTORY PENALTIES

The United States Probation Office (USPO) has calculated the Total Offense Level for the Carjacking offenses in Counts 1, 6, and 10 at a Level 27.  The government agrees with the calculations, including the Base Offense Level, the Special Offense Characteristics, and the Multiple Count Adjustment.  The government agrees Jackson has not accepted responsibility for the offenses.  The government agrees that the Using and Carrying, and Brandishing of a Firearm in Counts 2 and 7 are not grouped or scored with the Total Offense Level pursuant to U.S.S.G.

§ 3D1.1(b).  The government agrees the Criminal History Category of III is properly scored.
The offense level and criminal history score are the same this Court used at the original
sentencing.  Jackson appealed one specific offense characteristic, but the Sixth Circuit found the
Court properly calculated the guidelines.

The statutory penalty for Counts 1, 6, and 10 is up to 15 years imprisonment, a $250,000
fine, and 3 years of supervised release.  The statutory penalty for Count 2 is a mandatory
minimum of 7 years up to life imprisonment, which must run consecutive to all other counts of
conviction, a $250,000 fine, and 5 years of supervised release.  The statutory penalty for Count 7
is a mandatory minimum of 25 years up to life imprisonment, consecutive to all other counts of
conviction, a $250,000 fine, and 5 years of supervised release.

The government agrees with the USPO advisory guideline range using a Total Offense
Level of 27, Criminal History Category III, with a sentencing range of 87 to 108 months.  The
government agrees that the Court must impose the sentences in Counts 2 (7 years/84 months
minimum), and 7 (25 years/300 months minimum), consecutive to any other sentence.  The
range is 87 to 108 months, plus 384 months consecutive, for a total range of 471 to 492 months.

B.    FIRST STEP ACT

The government anticipates that Jackson may allege that he is now entitled at
resentencing to the benefit of the First Step Act (FSA), enacted December 21, 2018.  While some
sections of the FSA are retroactive, the amendments to 18 U.S.C. § 924(c) are not.  The
government submits that he is not eligible for the Act's application to Count 7, and he must
sentenced to a mandatory minimum term of 25 years, which must run consecutive to all counts
of conviction.

At the time Jackson committed the crime, was charged, convicted, and first sentenced,
Section 924(c) provided: "In the case of a second or subsequent conviction under this subsection,

the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years. . . ."
While his case was pending on appeal, Section 403(a) of the FSA amended the statute.  It deleted
the phrase "second or subsequent conviction under this subsection" and replaced it with the
following language: "In the case of a violation of this subsection that occurs after a prior
conviction under this subsection has become final, the person shall—(i) be sentenced to a term of
imprisonment of not less than 25 years . . . ."

     The amended language quoted above, however is not retroactively applicable to Jackson.
Section 403(b) provides that the amendments concerning Section 924(c)'s penalty provisions
"apply to any offense that was committed before the date of enactment of this Act [December 21,
2018], *if a sentence for the offense has not been imposed as of such date of enactment*."  *Id*.
(emphasis added).  Accordingly, the Section 924(c) amendments do not affect defendants, such
as Jackson, who were initially sentenced on or before December 20, 2018.

     Although defendant's case was remanded for resentencing following his direct appeal,
the plain text of Section 403(b) confirms that the amendments should not apply upon
resentencing.  Again, under Section 403(b), the amendments apply only "if a sentence for the
offense has not been imposed as of [the] date of enactment."  But Jackson received "a sentence"
that was "imposed as of [the] date of enactment" of the Act"—that is, he received a 771-month
sentence on August 23, 2017, and he is currently serving that sentence.  The 25-year mandatory
sentence in Count 7 was affirmed. He is therefore beyond the reach of Section 403.

     This result comports with the Savings Statute, 1 U.S.C. § 109, which provides, "The
repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or
liability incurred under such statute, unless the repealing Act shall so expressly provide, and such
statute shall be treated as still remaining in force for the purpose of sustaining any proper action

or prosecution for the enforcement of such penalty, forfeiture, or liability." *Id*.  Section 109, thus, sets a default rule that the penalties for a crime are those in place when the defendant commits it, and that courts therefore "must assume that Congress did not intend [new] penalties to apply unless it clearly indicated to the contrary." *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

In *Dorsey*, the Supreme Court held that the 2010 Fair Sentencing Act clearly conveyed Congress's intent to apply lower mandatory minimums for drug offenses to defendants sentenced after the Act's passage, even if they had committed offenses prior to the Act.  Although the statute had no language regarding its applicability to pending cases, the Supreme Court held that Congressional intent pointed clearly to the conclusion that Congress intended it to apply to all pre-Act offenders.  *Id*. at 274-78.

In the FSA, by contrast, Congress provided no clear indication that would overcome the default rule in the Savings Statute.  To the contrary, it provided that the amendments applied only to individuals, "if a sentence for the offense has not been imposed as of" the date the statute was enacted—December 20, 2018.  If Congress intended the FSA to lower the penalty for defendants such as Jackson, it would have included different language, stating that it applied to all sentences imposed after its effective date.

Congress previously used such language when modifying the penalties associated with mandatory minimum drug sentences.  In 1994, Congress passed the Violent Crime Control and Law Enforcement Act, Pub. L. No. 103-322.  Section 80001 of that Act added the Safety Valve—18 U.S.C. § 3553(f)—to the United States Code.  The Act provided that it would apply "to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act."  Pub. L. No. 103-322, Section 80001(c).  Therefore, it applied to cases pending on appeal

when it was enacted, if the court later resentenced the defendant.  *See United States v. Clark*, 110

F.3d 15, 17 (6th Cir. 1997) (holding Congress intended Safety Valve to apply to all defendants

sentenced after enactment of Act).

      The language regarding the applicability of FSA Section 403 is different than the

language used in the 1994 Violent Crime Control and Law Enforcement Act.  Section 403

applies "if a sentence for the offense has not been imposed" as of December 21, 2018.  This

Court imposed a sentence on Jackson on August 23, 2017.  By the plain text of the statute, then,

the FSA does not apply to him.

      An analogous provision of the FSA, Section 401, changed the criteria for the safety

valve.  Section 401(c)—addressing the effective date of that amendment—uses the same

language as in Section 403(b).  Courts that have interpreted this language have held that

Congress did not intend for this amendment to apply broadly to all defendants.  "Unlike the Fair

Sentencing Act of 2010, the First Step Act lacks clear or even 'fair implication' of an intent to

apply the more lenient safety valve to those pronounced guilty pre-Act; rather, the language and

structure of the First Step Act strongly suggest the opposite conclusion."  *United States v.

Havens*, 374 F. Supp. 3d 628 (E.D. Ky. 2019)

      Therefore, Jackson is not entitled to the lower statutory penalties contained in the First

Step Act.  This Court is required to apply the penalties in effect when Jackson committed the

crime, was charged, convicted, and first sentenced.

      C.    <u>RE-SENTENCING</u>

      The Supreme Court has noted that "highly relevant–if not essential–to the selection of an

appropriate sentence is [the] possession of the fullest information possible concerning the

defendant's life and characteristics."  *Pepper v. United States*, 562 U.S. 476, 480 (2011).  Thus,

in order to maintain fairness and justice in the sentencing process, a district court is permitted

upon re-sentencing to consider new facts that have occurred after the previous sentencing.

Specifically, a district court may consider "evidence of the defendant's postsentencing

rehabilitation" at resentencing that weighs in a defendant's favor.  *Id*.  However, the district court

may also consider aggravating post-sentencing conduct that may support a higher sentence at the

resentencing.  *Wasman v. United States*, 468 U.S. 559, 572 (1984).  In doing so, however, a

district court must set forth affirmative reasons for doing so to avoid the possibility that the

higher sentence was vindictive.  *Colten v. Kentucky*, 407 U.S. 104, 116 (1972).  Accordingly,

since a district court should consider "the fullest information possible concerning the defendant's

life and characteristics" at sentencing, *Williams v. New York*, 337 U.S. 241, 247 (1949),

information regarding Jackson's behavior since first sentenced is relevant.

When this Court first sentenced Jackson, it applied a mandatory minimum 57 years of

imprisonment on him for three counts of brandishing a firearm during and in relation to three

carjackings.  This Court sentenced Jackson just a few months after the Supreme Court decided

*Dean v. United States*, 137 S. Ct. 1170, 1176 (2017), which held that a district court could

"consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate

count."

At the first sentencing, relying on *Dean*, Jackson asked this Court to impose a one-day

sentence on the carjacking counts, since it was obligated to impose a mandatory 57 years of

imprisonment for the Section 924(c) counts.  (R. 197: Sentencing Tr., PageID 1687).  This Court

found that a 57-year and one-day sentence "would be an absolute insult" to the victims.  (*Id*.,

PageID 1693-94).  Instead, the Court found that a total sentence of 771 months' imprisonment

was "sufficient, but not greater than necessary, to satisfy the purposes of sentencing."  (*Id*.,

PageID 1693).  The court found that the need to punish Jackson, deter others, and protect the

public required this sentence.  "If you choose to terrorize a neighborhood, and you choose to terrorize innocent people, then you must suffer the consequence, and here the consequence is spending the majority of your adult life in prison."  (*Id.*, PageID 1694).

While the Sixth Circuit vacated one of the Section 924(c) counts, and thus, the court is only required to sentence Jackson to 32 years' imprisonment on those counts, instead of 57, nothing else has changed.  The facts today are the same as they were when this Court first sentenced Jackson.  He still terrorized a neighborhood.  He still terrorized innocent people.

When a district court sentences a defendant after a remand, it is permitted to revisit the entire sentencing procedure, unless the remand order prohibits it.  *United States v. Bond*, 171 F.3d 1047, 1048 (6th Cir. 1999).  The Court is even permitted to impose a sentence higher than the original one, if that increase is due to specific conduct or events that have taken place since the original sentence, and not due to vindictiveness.  *See North Carolina v. Pearce*, 395 U.S. 711, 725-26 (1969); *United States v. Rodgers*, 278 F.3d 599, 603 (6th Cir. 2002).

The government submits in light of the sentence in Count 11 being vacated, the Court should entertain a guideline sentence of 108 months at the highest end of the range, or even an upward variance from the guidelines.

D.    DEFENDANT'S CONDUCT

Jackson was originally sentenced on August 23, 2017.  During the hearing, the Court discussed the gravity of the case in explaining the sentence it was imposing.  Specifically, the Court addressed Jackson's gang involvement and the application of the 18 U.S.C.  § 3553(A) factors such punishment and adequate deterrence to criminal conduct.  In response, Jackson laughed at the Court's suggestion that a harsh sentence would be a deterrent.

THE COURT:        Sadly, this is a sentence at the lowest end of the
                  guideline range. The 87 months is a sentence at the lowest
                  end of the range, and, obviously, because of the statutory

8

required seven years and 25 years and 25 years, they are all run consecutive.  You asked, Mr. Cafferkey, that I not give a guideline sentence range, and, very frankly, a sentence of one day on the underlying offense, the predicate offense, would be an absolute insult to these victims. They deserve more than a sentence of one day.  This Court certainly recognizes that this is a very significant sentence. And yet, Mr. Jackson, I went over it in painstaking detail about what the risks were if you went to trial. You went into this with your eyes wide open. And I can only hope that this sentence sends a message to all of the gang members out there that if you choose –

MR. CAFFERKEY:    Don't laugh.

THE COURT:        You find that funny.

MR. CAFFERKEY:    Don't laugh. You're killing me.

THE COURT:        If you choose to terrorize a neighborhood, and you choose to terrorize innocent people, then you must suffer the consequence, and here the consequence is spending the majority of your adult life in prison.

(R. 197: Sent Tr., PageID 1670, 1693-94).

Jackson has yet to show any remorse for his actions, nor even acknowledge the seriousness of his conduct, as evidenced by this moment in the courtroom, *after* he knew he would serve to 771 months imprisonment.  Laughing at the Court's intent to deter others is the best evidence of his complete and utter disregard for the law, the victims, and this Court.

## II.     **CONCLUSION**

For the foregoing reasons, the Government respectfully requests this Court deny

application of the First Step Act, and sentence Jackson at the highest end of the guideline range,

or higher.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:     /s/ *Kelly L. Galvin*
Kelly L. Galvin (OH: 0062585)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3731
(216) 522-8355 (facsimile)
Kelly.L.Galvin@usdoj.gov

By:     /s/ *Robert J. Patton*
Robert J, Patton (OH: 0066590)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3856
(216) 522-2403 (facsimile)
Robert.Patton2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of June 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Kelly L. Galvin
Kelly L. Galvin
Assistant U.S. Attorney