UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:15 CR 453-001** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Kenneth Jackson, Jr.,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is pending re-sentencing and the parties dispute whether the Amendments to 18 U.S.C. § 924(c), made effective through the First Step Act, apply to defendant at the re-sentencing. For the reasons that follow, the Court concludes that the amendments do apply.

On May 3, 2017, a jury convicted defendant of three counts of carjacking and three counts of violating Section 924(c). On August 23, 2017, this Court sentenced defendant to 87 months with respect to the carjacking counts. With regard to the three Section 924(c) charges, defendant received 87 months for the first count and 300 months on each of the remaining two counts. Therefore, defendant received a total sentence of 771 months. Defendant filed a direct appeal.

1

While the case was on appeal, Congress enacted the First Step Act, which reduced the penalties associated with certain crimes.  For purposes of this case, the First Step Act amended Section 924(c) to prevent "stacking" of multiple gun counts in order to trigger the 25-year penalty.  At the time defendant committed the instant offense, Section 924(c) provided that "in the case of a second...conviction under this subsection, the person shall– be sentenced to a term of imprisonment of not less than 25 years...."  The provision now imposes a 25-year term only if the defendant committed "a violation of this subsection...after a prior conviction under this subsection has become final."  Thus, at the time defendant committed the offense, the statute allowed "stacking," which meant that the multiple uses of a gun in connection with the pending charges triggered the 25-year term.  Now, however, "stacking" is not permitted in order to obtain the higher 25-year term set forth in Section 924(c).  Rather, a prior Section 924(c) conviction is required.

Subsequently, the Sixth Circuit vacated one of the Section 924(c) convictions and remanded for re-sentencing.  The parties dispute which version of Section 924(c) applies at the re-sentencing.

Upon review, the Court finds that the amended version made applicable through the First Step Act applies.  Section 403 of the First Step Act, which is the provision amending Section 924(c), contains an "applicability" provision.  That provision provides:

> APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

Section 403(b).  The general federal savings statute provides that a new criminal statute cannot change the penalties "incurred" under the old statute "unless the repealing Act shall so expressly

2

provide." 1 U.S.C. § 109.  The Supreme Court held that the savings statute applies unless Congress "clearly indicated to the contrary."  *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Court finds that the express language in Section 403(b) demonstrates Congress's intent to apply the Section 924(c) penalty provisions retroactively.

> Given Congress' express intent in § 403(b), the question remains whether Congress intended § 403(b) to reach cases pending on remand for re-sentencing on the date the First Step Act was enacted, December 21, 2018; in such cases, sentence literally was previously 'imposed.'  Nevertheless, the bare fact that a nonretroactive reading of a statute is 'linguistically' possible is not dispositive.

*United States v. Uriarte*, 2019 WL 1858516 (N.D Ill. April 25, 2019)(finding that the First Step Act's amendments to Section 924(c) apply to re-sentencings).

According to the government, the Court "imposed" a sentence before the date of enactment and, as such, defendant does not qualify for application of the amended penalty provisions.  The government further points out that in the context of other statutes, Congress used more specific language to evidence its intent to apply new penalties to cases pending on appeal.  By way of example, the government notes that the Violent Crime Control and Law Enforcement Act provides that it applies to "all sentences imposed on or after the 10th day beginning after the date of enactment of this Act."  Thus, had Congress intended the new Section 924(c) penalties to apply to re-sentencings, it would have said so by making it applicable to "all" sentencings.  The Court acknowledges that the government's position has some appeal.  On the other hand, however, Congress is presumed to enact laws with a full understanding of "background" legal principles.  One such background principle is the nature of general remands for re-sentencing.  When a court of appeals remands a case for re-sentencing, the district court begins anew.  As the government notes, the district court can "revisit the entire sentencing

3

procedure" and may even "impose a sentence higher than the original one" if the circumstances warrant.  Thus, although this Court may have "imposed" a sentence prior to the First Step Act's enactment, that sentence was in essence vacated upon the Sixth Circuit's decision to vacate the conviction and remand for re-sentencing.  *See e.g., United States v. Clements*, 86 F.3d 599 (6th Cir. 1996)(discussing remand for re-sentencing after reversal of a Section 924(c) conviction and referring to remand as "vacating defendant's sentence").  It makes little sense to interpret Section 403(b) in a manner that prevents a defendant from the application of an expressly retroactive amendment based on a sentence that became, in essence, a nullity.

The Court further finds that the government's reliance on *United States v. Havens,* 2019 WL 1649629 (E.D. Ky. April 17, 2019) is misguided.  According to the government, *Havens* applied "the same language in Section 403(b)" to an analogous provision involving amendments to the safety valve provision, which the government claims are contained in Section 401.  The government is simply wrong.  Section 401 does not address safety value.  Rather, it addresses amendments to the enhancement provisions for prior drug felonies.  The "applicability" provision in Section 401(c) is identical to the "applicability" provision in Section 403(b).  But, *Havens* involved the application of Section 402, which is directed at changes to the safety valve provision.  The "applicability" provision under Section 402(b) provides that the amendment to the safety valve provision "shall apply only to a conviction entered on or after the date of enactment of this Act."  Thus, *Havens* in no way addressed the language at issue before this Court.  In fact, *Havens* noted that the language in Section 402(b) is "dramatically different" than the language in Sections 401(c) and 403(b).  Accordingly, *Havens* does not assist the government.

4

In contrast to *Havens*, *Uriarte* addressed the very provision at issue. *Uriarte*, 2019 WL 1858516. After thoroughly reviewing *Dorsey*, the court concluded that the amendments to Section 924(c) apply to a defendant facing re-sentencing. First, the court noted that Congress would have been aware of the general nature of re-sentencings and the fact that district courts begin anew after a general remand. The court further noted that Congress legislated "against the backdrop of decisions applying the Fair Sentencing Act to cases pending remand for a general resentencing." *Id*. at *3. And, finally, the court noted that Congress necessarily intended to avoid radically different sentences for defendants sentenced on the same day. Congress knew of *Dorsey* and the application of the Fair Sentencing Act and there is no reason to believe that Congress intended such a different result in applying the First Step Act's amendments to Section 924(c). This Court agrees with the reasoning in *Uriarte*. For these additional reasons, the Court finds that defendant is entitled to application of Section 924(c) as amended by the First Step Act.

For the foregoing reasons, the Court will not apply Section 924(c)'s 25-year penalty provision as the government does not argue that defendant committed a prior Section 924(c) offense for which he was convicted.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/18/19